JAMES LAWSON et al., Appellants, *v.* HERMAN S. BACHMAN
et al., Respondents.

When the pleadings give notice to a party to be prepared to produce a
writing, if necessary to contradict the evidence of the opposite party,
secondary evidence of the contents of the writing may be given by the
latter without further notice.

(Argued March 15, 1880; decided April 6, 1880.)

THIS action was upon a contract, by which defendant agreed
to pay plaintiffs for services in collecting, in "practicable time,"
a claim for loss of property on board a ship destroyed by the
rebel cruiser "Florida," a certain percentage on the amount
collected. Defendants gave plaintiffs a power of attorney to
prosecute and collect the claim. Plaintiffs alleged and gave
evidence tending to show a performance in part, by preparing
the necessary papers and filing claim with the State depart-
ment, a willingness to wholly perform, and a prevention by
defendants of further performance; they having employed
another who presented the claim to the Court of Commission-
ers of Alabama Claims, so called, appointed for the distribu-
tion of the Alabama award, and a sum was allowed and paid
thereon. Of this, plaintiffs claimed the stipulated percentage,
less the amount it would have cost them to have made full
performance. *Held*, that the proof was sufficient to sustain
the action. (*Devlin* v. *The Mayor*, 63 N. Y. 8.)

It was urged by defendants' counsel: First. That there was no
consideration for the agreement, as there was no existing claim
which could be made the subject of a contract, the agreement

having been made prior to the Alabama award. *Held*, that although there may have been no legal right to call upon any person or body politic for payment, yet there had been a loss to defendants by unlawful acts of a public nature, and it was in contemplation to so move as that action would be taken by government for redress. To make this move was the agreement of plaintiff, and was the consideration for defendants' undertaking.

Second. It was claimed that the agreement was annulled by the act of Congress providing for the distribution of the Alabama award (U. S. Stat. 1874, chap. 459, § 18), which prohibits "liens, assignments, sales and transfers, absolute or conditional," for services, past or prospective, about any claim. *Held*, that this did not affect an agreement to compensate for services wherein the only mention of the claim is to state a percentage on the amount allowed as the amount of the compensation; that by the agreement plaintiff acquired no interest in the claim.

Third. It was urged that the agreement was not exclusive. *Held* untenable; that the writings put the whole matter in the hands of plaintiffs; that though defendants could, if they pleased, employ others, they could not thus relieve themselves from their agreement with the plaintiffs.

Fourth. It was over three years after the agreement was made before the Court of Claims was created. When that court had announced its rules of practice, plaintiffs prepared the necessary petition and sent it to defendants for signature. This they refused, and practically abandoned the contract. Defendants claimed that the agreement had expired by lapse of time. *Held*, that as there was no means at the hands of either party to compel collection as of right; there was no measure of what would be "practicable time" by reference to the time allowed for judicial proceedings; that mere lapse of time could not determine whether plaintiffs did what they were bound to do as soon as they reasonably could; that when plaintiffs had laid the claim before the appropriate department of the National government, they necessarily were obliged to wait for international agreement, and that there was no unreasonable delay on their part.

Fifth. It was claimed that a state of affairs arose after the making of the agreement not contemplated by the parties. *Held* untenable; that the matter was contingent and problematical at the outset; that although the act of Congress required claims to be presented before the tribunal by attorneys at law this did not prevent the action of plaintiffs as they could have properly employed attorneys, and that there was nothing in the change of affairs which rendered the performance of the contract impossible or even inconvenient.

Sixth. It was claimed that the contract was rescinded; two of the plaintiffs testified that they refused to release the defendants from the contract; they surrendered on demand certain papers belonging to defendants but refused to give up the contract or the power of attorney. *Held*, that defendants' testimony failed to show a release. It appeared that plaintiffs' firm was dissolved.

After the contract they kept up an office for the completion of their unfinished business. *Held*, that this dissolution did not relieve the defendants from their contract.

Plaintiff offered in evidence a press copy of the letter sent to defendants inclosing the petition, also a similar copy of another letter to defendants in reference thereto; these were objected to on the ground that no sufficient notice to produce the originals had been given. *Held* untenable, as the complaint notified defendants that the presentation to them of a petition for their signature and verification was deemed material by plaintiffs. The court say: "Where the pleadings give notice to the opposite party to be prepared to produce a particular instrument, if necessary to contradict the evidence of the other party, no further notice need be given before secondary evidence may be received. (*Howell* v. *Huyck*, 2 Abb. Ct. of App. Dec. 423; *Hooker* v. *Eagle Bank*, 30 N. Y. 83.)"

*Frederick B. Jennings* for appellants.

*Edward W. Crittenden* for respondents.

FOLGER, Ch. J., reads for reversal of order of General Term and for affirmance of judgment on verdict.

All concur.

Order reversed and judgment affirmed.