# FETHERSTONHAUGH *v.* MOORE.

PARTNERSHIP; COMMUNITY; INTEREST IN PROFITS; AGENT IN CHARGE OF OFFICE; DECLARATION; AMENDMENT.

1. Adoption of a firm name furnishes an uncertain index to the existence of a partnership. (Citing *Smith* v. *Lancaster*, 37 App. D. C. 25.)

2. A partnership between the person who is given full charge of the New York office for general practice of patents, trademarks, designs, and copyrights, and the other parties to the contract, is not created by an agreement under which he is to receive one half of the net profits of that business "in lieu of a fixed remuneration for his services," with a guaranteed minimum salary for the first year and a weekly allowance to be thereafter agreed upon, and he puts nothing into the enterprise but his services, and is restrained from practising his profession in the States of New York and New Jersey, "except as taking charge of a business for the other parties," as set forth in the agreement, while they furnish the money to establish the business, retain title to all the property of the concern, as well as the firm name. (Citing *Wilkinson* v. *Lincoln*, 46 App. D. C. 193.) (Mr. Chief Justice SMYTH dissenting.)

3. The insufficiency of a declaration in an action for breach of contract which does not involve the stating of a new cause of action can be cured by amendment on appeal. (Citing *Washington R. & Electric Co.* v. *Scala*, 45 App. D. C. 484, 496.)

No. 3119. Submitted April 3, 1918. Decided May 6, 1918.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action to recover damages for breach of a contract.          *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellants, Frederick B. Fetherstonhaugh, Russel S. Smart, a copartnership, trading as Fetherstonhaugh, Moore & Smart,

NOTE.—On effect of agreement to share profits to create a partnership, see note in 18 L.R.A. (N.S.) 963.

and Fetherstonhaugh & Company, plaintiffs below, brought this suit in the supreme court of the District of Columbia to recover damages for an alleged breach of contract.

A written contract was entered into between Frederick B. Fetherstonhaugh, of Toronto, Canada, and Russel S. Smart, of Ottawa, Canada, parties of the first part, and Percy H. Moore, appellee, of Washington, District of Columbia, party of the second part. The object of the parties in making this contract was to establish "a business in the city of New York for a general practice in patents, trademarks, designs, and copyrights, etc., under the double firm name of Fetherstonhaugh, Moore, & Smart and Fetherstonhaugh & Company, which shall appear on the letter paper in the order named."

The contract was to extend for nine years, and related only to the business of the New York office of Fetherstonhaugh & Company. Plaintiffs were to assist Moore in an advisory capacity, but Moore was to have full charge of the New York business. If necessary to keep a balance in the bank account of, at least, $1,000, plaintiffs were to advance the sum of $5,000 during the first nine months, for the purpose of meeting the expense of establishing the New York office,. and defendant was to render statements at stated periods. The contract then contained the following provisions:

"7. In lieu of a fixed remuneration for his services the party of the second part shall receive one half of the net profits of said New York business, but shall be entitled to the privilege of drawing the sum of $60 a week for the period of one year, which sum shall be deducted from the party of the second part's share of the net profits of the business for the first year, provided the profits of the party of the second part exceed $3,000, but at the end of the year the party of the second part shall have no right of withdrawing any sum per week except as may hereafter be agreed upon, say, $30 per week.

"8. All books, furniture, office fixtures, and other chattels relating to the New York office, including any further book supplies or other articles which may be acquired in connection with said business, shall be and remain the property of the parties of the first part, and the firm name of Fetherstonhaugh

& Company is and shall be and remain the sole property of Fred B. Fetherstonhaugh, one of the parties of the first part.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"11. The party of the second part covenants and agrees with the parties of the first part, in consideration of the sum of $1 paid by the parties of the first part to the second party, not to practice the profession of solicitor of patents or analogous work in the city and State of New York and New Jersey for a period of nine years from the date of this agreement, except as taking charge of a business for the parties of the first part as set forth in this agreement, unless this agreement, is terminated."

The declaration is in two counts. The first is on the common counts, and the second, after setting forth the contract as an exhibit, alleges "that pursuant to the terms of said agreement they (plaintiffs) advanced to the defendant for the prosecution of the business in said agreement set forth the sum of five thousand ($5,000) dollars; but the defendant at the expiration of one year from the date of said agreement wrongfully and without just cause and without the consent of the plaintiffs closed up said business in the city of New York, abandoned the same, and returned to his home in Washington; upon the abandonment of said business by the defendant, the aforesaid contract was thereby unlawfully terminated by the defendant and against the consent of the plaintiffs, who then and there became entitled to the sum of five thousand ($5,000) dollars, the amount advanced under the terms of said contract thus unlawfully breached by the defendant, which same became then and there due and payable to the plaintiffs by the defendant."

Defendant pleaded *non assumpsit,* upon which plea plaintiffs joined issue.

When the case came on for trial, plaintiffs offered the contract in evidence. Counsel for defendant objected to its admission on the ground that "the contract could not be used to show any liability under the common counts, because it is executory, and has not been performed by either party," and liability could not be established under the second or special count for the reason "that the only thing claimed in that count is the sum of $5,000, and that no such recovery could be had against

the defendant in this case as $5,000, because the contract provides that the $5,000 should be advanced to carry on the business in New York." Its admission was objected to generally on the ground "that it established on its face a partnership relation existing between the plaintiffs and the defendant, and. therefore was not admissible in an action at law between the parties, such as is disclosed on the pleadings herein." The court sustained the general objection, holding the contract a partnership agreement, and over the objection and exception of counsel for plaintiffs directed a verdict for defendant. From the judgment thereon the case comes here on appeal.

*Mr. E. Hilton Jackson,* for the appellants:

The burden of proving a partnership is upon him who alleges its existence. *Strickler* v. *Getchel,* 14 Okla. 523; *Smith* v. *Lancaster,* 37 App. D. C. 25.

As to third persons, a partnership is presumed where the parties hold themselves out as partners, but no such presumption arises as between themselves.

Where the rights of third persons are not involved, the contract will be liberally construed so as to effectuate the actual understanding of the parties and the purposes they had in view. *Paul* v. *Cullom,* 132 U. S. 539; *Tayloe* v. *Bush,* 75 Ala. 432; *Reddington* v. *Lanahan,* 59 Md. 429; *Hitchins* v. *Ellis,* 12 Gray, 452; *Thompson* v. *First Nat. Bank,* 111 U. S. 529; *Bertholdt* v. *Goldsmith,* 24 How. 536; *Roy* v. *Johnson,* 2 Pet. 186.

The inclusion of the appellee in the firm name of the first whereas clause in the contract is not sufficient as between the parties to constitute a partnership.

Where parties advertise as partners and use a partnership name, they become partners by estoppel as to third persons dealing with them on the faith of such representations, but as between themselves their relations as partners depend upon contract, express or reasonably to be implied from all of the circumstances; and when one of the parties alleges the existence

of a general partnership, the burden of proof is upon him to so show. *Smith* v. *Lancaster,* 37 App. D. C. 25.

The mere sharing in the profits of the business is not sufficient to constitute a partnership. *Grapel* v. *Hodges,* 112 N. Y. 419; *Smith* v. *Bodine,* 74 N. Y. 30; *Olmstead* v. *Hill,* 2 Ark. 346; *Durkee* v. *Gunn,* 41 Kan. 496; *Seymour* v. *Freer,* 8 Wall. 202–213; *Morrison* v. *Cole,* 30 Mich. 102; *Com.* v. *Bennett,* 118 Mass. 443; *Clement* v. *Hadloch,* 13 N. H. 185; *Vinson* v. *Beveridge,* 5 MacArth. 597; *Whitney* v. *Leakin,* 66 Md. 235; *Talbert* v. *United States,* 42 App. D. C. 14; *Haskin* v. *Burr,* 106 Mass. 48.

Another essential of a partnership, to wit, is a community of interest in the property of the business which is wanting in the contract sued on. *Meehan* v. *Valentine,* 145 U. S. 611, and *Wilkinson* v. *Lincoln,* 45 W. L. R. 196.

*Mr. Daniel W. Baker* and *Mr. Harry A. Grant,* for the appellee:

Whether or not the agreement entered into between appellants and appellee is a partnership agreement.

The agreement entered into between the parties hereto was executed in the State of New York, and was to be performed there. The authorities are of one accord that the law of the place where the contract is executed, and also is to be performed, governs the construction of the contract. *Pritchard* v. *Norton,* 106 U. S. 124; *Withers* v. *Greene,* 50 U. S. 221; *Northwestern Terra Cotta Co.* v. *Caldwell,* 234 Fed. 491; *Leroy* v. *Matthewson,* 15 Jones & S. 389.

See also the following New York authorities: *Dobb* v. *Hulsey,* 16 Johns. 34; *Evans* v. *Warner,* 47 N. Y. Supp. 16; *Lefevre* v. *Silo,* 98 N. Y. Supp. 321; *Leggett* v. *Hyde,* 58 N. Y. 272; *Jones* v. *Walker,* 101 N. Y. Supp. 22; and *Doncourt* v. *Denton,* 105 N. Y. Supp. 906.

Appellants cannot recover upon their declaration.

The objections to the admissibility of the contract, to show liability on the part of appellee, also included an objection on the ground that the declaration and amendment thereto, filed

by the appellants in the case at bar, would not support a recovery. The first count of the declaration is in the usual form of the common counts. The second count seeks to recover the full sum of $5,000, the amount set forth in the agreement, upon the theory that it was a loan by appellants to appellee. Appellants cannot recover upon the first count of said declaration, because the contract sued upon is executory in nature. This doctrine has been laid down by all of the courts with such deliberate language as to make it settled law. *Chesapeake & O. Canal Co.* v. *Knapp,* 9 Pet. 541; *Perkins* v. *Hart,* 11 Wheat. 237; *Sanitary, etc., Co.* v. *McMahon,* 110 Ill. App. 510; *Stewart* v. *Ironclad Mfg. Co.* 67 N. J. L. 577; *Philpen* v. *Moonhaus,* 50 Mich. 537; *Coal & Coke Mfg. Co.* v. *Hall Coal & Coke Co.* 51 W. Va. 474; *Fletcher* v. *Peck,* 6 Cranch, 87; and *Farrington* v. *United States,* 95 U. S. 679.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The sole question to be considered is whether this is a contract of partnership. It may be suggested at the outset that we are not concerned with the presumptions and implications which may be indulged in favor of third parties in construing a contract like the one before us, since the construction here is limited to the contractual relations and mutual obligations of the parties to the agreement. Turning to the contract, we find no express declaration of an intention to form a partnership. A firm name was adopted, but this furnishes an uncertain index to the existence of a partnership *inter sese. Smith* v. *Lancaster,* 37 App. D. C. 25. The parties to a partnership must be associated in an enterprise, to the establishment of which they have contributed property or services, with a community interest in the profits as profits. Partnership depends not only upon community of interest in property and the conducting of the business for the common benefit of the partners, but in the joint ownership and division of profits as profits. *Ward* v. *Thompson,* 22 How. 330, 16 L. ed. 249; *Meehan* v. *Valentine,* 145 U. S. 611, 36 L. ed. 835, 12 Sup. Ct. Rep. 972; *Wilkinson* v. *Lincoln,* 46 App. D. C. 193, L.R.A. —, —.

Does the present contract meet these requirements? It specifically provides that the share of Moore in the net profits shall be "in lieu of a fixed remuneration for his services," with a guaranteed minimum salary for the first year and a weekly allowance to be thereafter agreed upon of, "say, $30 per week." A contract for the remuneration of a person by a share of the profits of the business in which he is engaged does not of itself make such person a partner in the business as between the parties. In such a case there is no community of interest in the profits as profits. Such person is but an agent or servant, and not a principal trader. He is not clothed with the usual powers, rights, or duties of a partner, but is subject to the orders of the owner of the business; and he has nothing to do with the losses, except as they may affect the amount of his remuneration. *Grapel* v. *Hodges,* 112 N. Y. 419, 20 N. E. 542; *Smith* v. *Bodine,* 74 N. Y. 30.

So far as the contract discloses, defendant put nothing into the enterprise but his services. Plaintiffs furnished the money with which to establish the business. The title to all the property of the concern was to remain in the plaintiffs, and the firm name of Fetherstonhaugh & Company was retained solely by plaintiff Fetherstonhaugh. The contract also provides that defendant shall not practise his profession in the States of New York and New Jersey, "except as taking charge of a business for the parties of the first part, as set forth in this agreement." If a partnership, Why place a limitation upon the exercise of defendant's skill in accumulating business, which, of necessity, must accrue to the benefit of the firm? If a partnership was intended, Why speak of defendant "as taking charge of a business for the parties of the first part?" This was the interpretation placed upon the contract by the parties to the agreement. If they were partners, defendant was taking charge of the business of the partnership, and not plaintiff's business. Whatever the evidence in a trial of this case may disclose as to the real relation of the parties, any reasonable interpretation of the contract forbids the conclusion that it was their intention to form a partnership between themselves, but rather to make

defendant the agent of plaintiffs and place him in charge of their New York office.

Some question has been raised as to the sufficiency of the declaration in an action for breach of contract. But this was not ruled upon by the court below, and is not, therefore, properly before us. It may be suggested, however, that, if the contention of counsel for defendant is sound, the defect can be cured by amendment, since it would not involve the stating of a new cause of action. *Washington R. & Electric Co.* v. *Scala,* 45 App. D. C. 484, 496.

The judgment is reversed, with costs, and the cause is re- manded for a new trial. *Reversed and remanded.*

Mr. Chief Justice SMYTH dissents.