CATHERINE O'FARRELL, Plaintiff, *v.* FRANCIS B. J. MARTIN, Individually and as Administrator, etc., of BLANCHE O'FARRELL MARTIN, Deceased, Defendant.

City Court of Niagara Falls, December 7, 1936.

*Killian & Knowles [Arthur Killian* of counsel], for the plaintiff.
*George E. Carrie,* for the defendant.

LEE, J. ' Plaintiff seeks to recover $1,000 claimed to be due from defendant under a written contract entered into between them whereby plaintiff agreed to convey to defendant one-half of the proceeds of a certain insurance policy, to wit, $264.13, and defendant agreed to give plaintiff $1,000 from the proceeds of a certain lawsuit then pending in the event that the same should terminate in his favor, and, if otherwise, plaintiff should receive nothing. It appears further from the agreement that plaintiff was the mother of the defendant's deceased wife and that the latter was the insured under the above-mentioned policy. It also appears that the suit of defendant was to recover for his wife's wrongful death at the hands of a third person. The action for wrongful death was settled before trial and about October 1, 1936, for $6,250.

The facts in the case were not seriously in dispute. Defendant's answer set up the defense of usury and, by amendment at the time of trial, the further defense that the agreement was a gambling contract was interposed.

As for defendant's contention that the court has no jurisdiction, it is too well established to need any citation of authority that the limitation of amount is exclusive of any interest due.

Taking up next the defense of usury we find that the agreement in question twice calls the conveyance of one-half of the avails of the policy a " loan." However, it is well established that denominating an agreement something which it is not, does not bind the court to so hold. As was said by COLLIN, J., in *People ex rel. N. Y. C., etc., R. R. Co.* v. *Walsh* (211 N. Y. 90, 100): " Indeterminate forms of expression inconsistent with the evident design of a contract are to be understood in a sense subservient to the general purposes of the contract. * * * The ascertainment of the substantial intent of the parties is the fundamental rule in the construction of all agreements."

Here, the parties provided in clause 6 that the plaintiff should not make any demand for payment of the " loan " and should have recourse only to the proceeds of the action. Courts will sometimes imply a promise to repay when it is omitted but in view of these positive provisions, I feel obliged to hold that the so-called " loan " was in fact an assignment of certain funds supported by consideration in the form of a promise to assign certain other funds on the happening of a named contingency.

Usury is made out only by showing a loan or forbearance of money. Hence when payment or enforcement rests on a contingency the agreement is valid though it provides for a return in excess of the legal rate of interest. Thus, in 66 Corpus Juris, section 103, page 194, it is said: " The usury statutes being intended

to prohibit extortionate certain gains from the lending of money, it is essential, to constitute usury, that the principal sum be payable absolutely and at all events." (See, also, *Pomeroy* v. *Ainsworth*, 22 Barb. 118; affd., Id. 130, and *Orvis* v. *Curtiss*, 157 N. Y. 657, apparently the only reported cases in this State, although it has been several times held that where the interest alone is put in jeopardy no usury results.) (*Brown* v. *Robinson*, 224 N. Y. 301; *Hartley* v. *Eagle Ins. Co.*, 222 id. 178, and cases therein cited.)

If there were no relationship by affinity between the parties the court might feel constrained to hold the agreement by defendant one for a wager. But a gambling contract generally exists only between parties who have no interest in the subject-matter except as to the possible gain or loss resulting, while here the plaintiff did have a legitimate interest in the outcome of the litigation. I think that as a result of this relationship the transaction is not within the purview of the statutes against gambling.

The class of cases which the agreement at bar most nearly approaches is that of an assignment to a layman of part of a cause of action in consideration of an advancement for payment of the costs thereof. At common law such an agreement was void as champerty and maintenance. That is no longer true. (*Browne* v. *West*, 9 App. Div. 135; *Matter of Grapel* v. *Hodges*, 112 N. Y. 419.) Hence, if the assignment of part of the insurance proceeds had been for the purpose of carrying on the litigation the agreement would be valid. I can see little if any distinction between such a case and the one now before me.

Thus we have at bar a case of a bilateral contract, fully performed by one party and unperformed by the other, although the promise of the latter is not invalid as impinging on any provision of law which has come to the court's attention. It follows that plaintiff is entitled to performance and judgment must be in her favor.

It only remains to be determined whom judgment must go against. The agreement is signed by the defendant individually and the recovery in the death action settlement is, by statute, exclusively for his individual benefit. Hence the complaint should be dismissed against Francis B. J. Martin, as administrator, etc., and judgment be against the defendant individually for $1,000, with interest from October 1, 1936.

Let judgment be entered accordingly.