THE OTTAWA UNIVERSITY v. W. L. PARKINSON.

1. WITNESS; EXPERT; TESTIMONY. Where a witness testifies to facts within his own knowledge, such testimony is not that of an expert.

2. ———— Value of Attorney's Services; Competency of Witness. Where a witness who knows of the employment of an attorney in a cause, and knows the services rendered by such attorney, and states that he is by profession an attorney and counselor-at-law, is seventy years of age, and that he was engaged as one of the attorneys in the case in which such services were rendered, he has shown himself competent to testify as to the value of the services so rendered.

3. ——— In so testifying it is proper to take into consideration the amount in controversy, the legal questions involved, and the general importance of the case.

4. ——— What an attorney receives in a case is no criterion of the value of the services of another attorney in the same case, in the absence of any showing that the services were similar, the skill equal, and the time spent the same.

*Error from Franklin District Court.*

ACTION by *Parkinson* to recover for services rendered by C. B. Mason, an attorney, in a cause brought and prosecuted in the district court of Franklin county against *The Ottawa University*. Mason made out his bill for said services, charging $1,000 therefor, and giving credits on account of same, $51.50, leaving a balance of $948.50, which he assigned to plaintiff, and for which this suit was brought. Answer, general denial. Trial at the March Term 1874, when plaintiff had a verdict and judgment for the amount claimed. The defendant brings the case here on error. No briefs on file.

*John W. Deford,* for plaintiff in error.

*W. L. Parkinson,* defendant in error, for himself.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an action to recover for professional services rendered by C. B. Mason for plaintiff in error, in a certain case, which had passed by assignment to the defendant in error. The answer was a general denial. The issues were tried by a jury, and resulted in a verdict for plaintiff. The reversal of the judgment entered upon this verdict is sought upon two grounds only. The first is the admission in evidence of the deposition of Wilson Shannon, Esq. It is as follows:

"My age is 70, and my residence is in the city of Lawrence, state of Kansas, and my profession is that of an attorney and counselor-at-law. I was engaged as one of the attorneys in the case of James Wind, *et al.*, vs. the Ottawa University, *et al.*, in the district court in and for the county

of Franklin, (case No. 804,) on the part of the plaintiff.
C. B. Mason, A. W. Benson, H. P. Welsh, J. W. Deford,
and S. O. Thacher appeared as attorneys for The Ottawa
University. I am acquainted with the services rendered by
C. B. Mason in said case, and taking into consideration the
amount in controversy, and the legal questions involved, and
the general importance of the case, and the labor performed,
I should consider $1,000 a fair and reasonable fee for the
services of the said Mason. And further this deponent saith
not."

The grounds on which this deposition was objected to are
thus stated by plaintiff in error :

"It was incompetent and immaterial, because, first, said
Shannon does not state that he was acquainted with the value
of lawyers' professional services in Franklin county, at the
time the services referred to in said deposition were rendered;
second, because, although the witness Shannon states that he
is 'acquainted with the services rendered by C. B. Mason, in
said case,' he does not specify what those services were, it
being controverted by the defendant's answer that said Mason
rendered any services therein; third, because said Shannon
states, that he 'should consider $1,000 a fair and reasonable
fee for the services of the said Mason,' 'taking into consider-
ation the amount in controversy, and the legal questions in-
volved, and the general importance of the case, and the labor
performed;' whereas the witness should only have taken into
consideration the actual labor and services performed, and
should have given his opinion thereupon as to the reasonable
value of such labor and services, at the time and place at
which they were done and performed."

We think the objections are not well taken. It will be
observed that the objections were to the deposition as a whole.
Now whether any services were rendered by Mason, was one
of the issues in the case, and in so far as the deposition speaks
of rendering the services in the case for which the action was
brought, the same was clearly admissible, and is not touched
by the objections offered thereto, even if they are sound.
Where a part of a deposition is clearly competent and admis-
sible, and the objection is made to it as an entirety, is the
court bound to separate the objectionable from the unobjec-
tionable part, unaided by the suggestion of counsel as to the

part that he desires stricken out? If so, then a grave duty is imposed upon the court, for upon the presentation of a deposition the party against whom it is to be read has but to object, and the court must read all of it, to strike out but a single paragraph. We need not decide this question here. We hardly think it needs deciding. The deposition was properly read, because the witness testifies directly to facts in

**1. Witness; competency to testify; expert.** his knowledge. He was in the case in which Mason's services were rendered, knew what those services were, and then testifies what they were worth. We do not understand that he testified as an expert. His long practice as an attorney and counselor-at-law may be inferred from his age, and from such long practice of his profession he would be qualified to state the value of services rendered under his own eye, and necessarily subjected to his careful scrutiny from his position as opposing counsel. If there are any doubts about this conclusion they will vanish when it is known that the record is silent as to what other evidence was received, and for anything the record shows there may have been abundant evidence given of the great experience and high standing in his profession of the venerable witness. It is claimed that the premises on which the

**2. Attorney's services; how value determined.** witness based his estimate of the value of the services rendered are erroneous — that he had no right to consider "the amount in controversy, and the legal questions involved, and the general importance of the case," in making his judgment of the value of the services. But we think these were all proper and important elements in determining the value of the services. We know that an attorney is bound to fidelity to his client as much when the amount is one dollar, as when it is a million. His obligation is not changed. But it is in the knowledge of every professional man, that when great interests are confided to his care he is expected to use the utmost diligence in the preparation of the case. He is not expected to, nor does he limit his services by the rule of ordinary care and skill that governs him in an ordinary case. So in *Duncan v. Yancy's*

*Ex'rs,* 1 McCord, 149, the court held that the great value of the property in contest, and the doubtful nature of the right to be tried, were proper and important elements in determining the value of the services.

The other error alleged is, the striking out from the deposition of S. O. Thacher, Esq., this paragraph: "I settled for my services in that case with the Ottawa University, receiving $100 in full satisfaction thereof. This was all I asked, and while I think it was a moderate fee, it was a reasonable one." He had already stated that he had been engaged in the case with Mason and others from the beginning of the case to its termination, but he does not say that he knew what services were rendered by Mason, but thinks no steps were taken in the main cause without consulting him, though some hearings were had at chambers when he was not present. The paragraph was rightly stricken out. The value of Mason's services were in issue, not those of the witness. The excluded testimony did not show the opinion of the witness as to the value of Mason's services in the case. We might infer perhaps that what was a fair value for one attorney's services in a case would be some criterion of the value of another attorney's in the same case; but that would depend much on the nature of the services rendered by each. If they were of equal ability and standing, one might be entitled to much the larger fee because of the labor and care in preparing the case, in the search for and procuring evidence, and in manifold ways, well known to the profession. So that what would be a reasonable fee for one would be wholly inadequate for the other. The paragraph stricken out would have likely misled the jury, on this account. It is proper to say, that no part of the evidence is preserved in the record, save the two depositions referred to.

The judgment must be affirmed.

All the Justices concurring.