Texas & Pacific Railway Company v. H. W. Vaughan.

Delivered May 8, 1897.

**1. Assignment of Cause of Action—Sufficiency.**

Words importing a sale and conveyance and an agreement to pay and deliver to the assignee one-half of whatever sum may be realized out of and collected from a railroad company by virtue of a claim for personal injuries, are sufficient to transfer one-half of the cause of action.

**2. Charge of Court—Railroad Accident Not at Crossing.**

A requested charge making the liability of a railroad company for injuries to one struck by an engine conditional upon the actual discovery of his peril by the operatives of the train, if he was struck away from a public crossing, is properly refused where there is evidence that the place where he was struck was, with the knowledge of the company, commonly used by persons traveling on foot from one part of the city to another.

**3. Assignment of Cause of Action—Subsequent Settlement by Assignor.**

The assignee of a part of a cause of action is not bound by any settlement subsequently made by the assignor with the defendant, and may prosecute the suit commenced by the former in his own behalf to the extent of his interest.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*W. T. Armistead,* for appellant.

*Vaughan & Vaughan* and *Smelser & Mahaffey,* for appellee.

LIGHTFOOT, CHIEF JUSTICE.—Appellee correctly states the case, as follows:

"This suit was filed June 24, 1893, by Peter Waters, plaintiff, against appellant, Texas & Pacific Railway Company, defendant, in the District Court of Bowie County, Texas, for damages in the sum of $1999, for personal injuries sustained by said Waters, caused by the negligence of the railway company. After the suit was filed, and on the same day it was filed, Waters, by a writing duly executed and acknowledged by him in

accordance with law, conveyed and sold to W. H. Vaughan, appellee, a one-half interest in the cause of action in this suit, and the written instrument conveying such interest was filed among the papers in the case on June 26, 1893; and on the same day the clerk of the court made a minute of the transfer on the court trial docket where the suit was entered, giving briefly the substance thereof. Afterward, on June 26, 1895, Waters filed an amended original petition, setting up more fully his cause of action.

"Afterward, March 26, 1896, the defendant railway company paid Waters $100 to release it from liability to him by reason of his said cause of action. Afterward, appellee H. W. Vaughan filed his petition in intervention under leave of the court, claiming under the transfer in writing aforesaid one-half interest in the cause of action in the suit, and the right to prosecute the same to judgment. There was a trial before a jury on September 25, 1896, resulting in a verdict and judgment in favor of intervener Vaughan, against appellant railway company, for the sum of $375, and that plaintiff Waters take nothing by his suit; from which judgment said defendant prosecutes this appeal."

The facts proved and the verdict and judgment justify the conclusion that, at the time and place alleged in plaintiff's petition, Peter Waters, in attempting to cross the track of appellant at a place where there was a path commonly used by the public, with the knowledge of appellant, was injured by appellant's negligence, as alleged in plaintiff's petition, to the extent of $750; that Waters brought suit for damages for such injury against appellant, and after suit was filed transferred one-half of his claim to his attorney, H. W. Vaughan, which transfer was duly filed and abstracted according to the statute, and notice given to appellant of such transfer; that afterward, the appellant, with full knowledge of Vaughan's interest, compromised with Waters for $100, without Vaughan's knowledge or consent. The latter, by leave of the court, intervened in the case, set up his interest under the transfer, prosecuted the case for his own benefit, and recovered $375, his part of the damages, from which judgment this appeal is taken.

1. The first, second, and third assignments of error raise the question whether, under the transfer, appellee held such an interest in the cause of action as would authorize him to intervene in the suit and prosecute the same for his own benefit, after the original plaintiff had settled with the company and ordered the suit dismissed.

The transfer was as follows:

"*The State of Texas, County of Bowie.*—Know all men by these presents, that I, Peter Waters, of the county of Bowie and State aforesaid, for and in consideration of the legal services rendered me, and to be rendered me, by Horace W. Vaughan of said county and State, in the prosecution of my suit for and in collection of damages for $1999 due me by the Texas & Pacific Railway Company, for wounding, injuring, and bruising me and cutting off my right arm by one of its trains in the city of Texarkana,

Texas, during the month of June, 1893, have this day and do by these presents constitute and appoint said Horace W. Vaughan my attorney at law and in fact, and employ him to present and collect my said claim for damages as aforesaid, and to prosecute said claim at law through all the courts having jurisdiction of the same. And I do hereby authorize my said attorney to compromise, settle, and receipt for in my name, all damages arising to me by reason of the aforesaid wrongs, injuries, and trespasses done to me by said railway company. In consideration of the faithful performance of the duties imposed upon him as my attorney in the prosecution and collection of my claim and suit aforesaid, I hereby sell and convey and agree to pay and deliver to said Vaughan one-half of whatever sum may be realized out of and collected from said railway company, whether through compromise or by judgment of the courts, by reason of the injuries done me by said company as aforesaid."

The instrument was signed, witnessed, and acknowledged before a notary public, and was filed among the papers of the cause, and the proper entries made by the clerk on the docket to give notice to appellant. Before the motion was made by the company to dismiss, appellee had intervened in the case, by leave of the court, and the original plaintiff had filed his supplemental pleading alleging that he had been overreached in the transaction, and asking that the settlement be set aside for fraud. Citation had been regularly served on appellant under appellee's pleading, and the case, as to him, stood in court on its own merits.

The words in the above instrument: "I hereby sell and convey, and agree to pay and deliver, to said Vaughan one-half of whatever sum may be realized out of and collected from said railway company," etc, is a sufficient transfer to Vaughan of one-half the cause of action. The statute is as follows: "The sale of a judgment or any part thereof of any court of record within this State, or the sale of any cause of action or interest therein after suit has been filed thereon, shall be evidenced by a written transfer, which, when acknowledged in the manner and form required by law for the acknowledgment of deeds, may be filed with the papers of such suit, and when thus filed by the clerk it shall be his duty to make a minute of such transfer on the margin of the minute book of the court where such judgment of said court is recorded, or if judgment be not rendered when said transfer is filed, the clerk shall make a minute of such transfer on the court trial docket where the suit is entered, giving briefly the substance thereof, for which services he shall be entitled to a fee of 25 cents, to be paid by the party applying therefor, and this article shall apply to any and all judgments, suits, claims, and causes of action, whether assignable in law or equity or not. When said transfer is duly acknowledged, filed, and noted as aforesaid, the same shall be full notice, and valid and binding upon all persons subsequently dealing with reference to said cause of action or judgment, whether they have actual knowledge of such transfer or not." Rev. Stats., art. 4647; Bonner v. Green, 6 Texas Civ. App., 96; Putnam v. Capps, Id., 610; Railway v. Wooten, 30 S. W. Rep., 684. The above assignments are not well taken.

2.  Under the fourth assignment of error appellant complains that the court refused to give the following special instruction: "If you find from the evidence that the plaintiff, Peter Waters, was injured as alleged, and that he was injured in the night time, away from a public crossing, and that his position of danger on or near the track was not discovered by the defendant's operatives, you will find for the defendant.  If you believe from the evidence that the operatives of the defendant company did not discover Peter Waters, the plaintiff, on the railroad track, you will find for the defendant company."

There was no claim that Waters was injured at the crossing of a public street or public road; but it was shown by plaintiff's pleading and by the uncontroverted evidence that he was injured at a place in the city of Texarkana between Broad street and the southwestern part of the city, upon a way commonly used by persons traveling on foot from one part of the city to another, which way had been used for a number of years with the knowledge of the company.  It seems that this commonly used way was near Broad street in said city.  The charge of the court as given had fully presented the case under these facts.  It would have been misleading for the court to have presented to the jury the theory contained in the above requested charges as to the duty of the company if Waters had been crossing the road "away from a public crossing," and that his position of danger was not actually discovered by the operatives of the train.  The issue was not applicable to the pleadings or the facts proved.  Railway v. Watkins, 26 S. W. Rep., 760; 88 Texas, 20.

3.  Under the fifth assignment of error, appellant complains of the refusal of a special charge to the effect that, if the negligence of Peter Waters concurred with the negligence of the defendant in causing the injury, plaintiff could not recover.  The court in its main charge put the question to the jury even stronger than appellant asked it in the special instruction.  The doctrine of contributory negligence is not only presented fully and clearly, but the jury are told that if Waters was guilty of any negligence whatever (without regard to whether such negligence contributed to the injury) he could not recover.

4.  The sixth assignment of error is as follows: "The court erred in refusing to give special charge number 2, asked by defendant, to the effect that if plaintiff was in the attempt to step on the railroad track, and just at that moment he felt the jar of the train, and the train struck him and cut off his arm, to find for the defendant, because this was the essence of both contributory and concurring negligence which barred a recovery." It will certainly not be seriously contended that this charge would have been proper.

5.  Under the seventh assignment, appellant again attacks the sufficiency of the transfer from Waters to Vaughan of a half interest in the cause of action.  Our discussion of the question under the above assignments will apply to this.  If the written transfer was valid, it was the duty of the court to construe it, as was done in the charge.  Vaughan being the owner of one-half the cause of action, he was not bound by any

settlement made by Waters with the company, and had the right to prosecute the suit for his own benefit to the extent of his interest. The suit was prosecuted by Vaughan for one-half of $1999. The recovery of $375 was not excessive.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.