Galveston, Harrisburg & San Antonio Railway Company v.
Paul Ginther et al.

No. 1172. Decided March 2, 1903.

**1.—Personal Injury—Attorney's Fee—Assignment of Interest.**

An assignment of interest in a cause of action for injuries to the person,
to attorneys as compensation for prosecuting suit, is valid as against those hav-
ing notice, though made before suit was commenced and not filed or noted on the
docket as required by Act of 1889 (Rev. Stats., art. 4647). (P. 299.)

**2.—Same—Contract with Attorney—Right to Compromise.**

Though a contract with an attorney which deprives plaintiff of the right to
compromise his suit has been held contrary to public policy, a contract which
simply entitles the attorney to a certain portion of the amount realized by judg-
ment or compromise has not such effect and will be supported. (Pp. 299, 300.)

**3.—Attorney—Interest in Recovery—Conditional Fee.**

A contract between plaintiff and his attorney which assigns to the latter
one-third of whatever may be recovered in the suit or by way of compromise,
is not a mere agreement for a conditional fee, but expresses an assignment of
an interest in the cause of action, of which a judgment or compromise was to be
the measure. Defendant compromising with plaintiff with knowledge of such
agreement became liable to the attorneys for one-third of the amount, and they
could assert their right thereto by intervention in the suit. (P. 300.)

Error to the Court of Civil Appeals for the Fourth District, in an
appeal from El Paso County.

Ginther having sued the railway company and compromised, plain-
tiff's attorneys intervened and had judgment for the proportion of the
amount paid which had been assigned to them as a fee. The company
appealed, and on affirmance obtained writ of error.

*Baker, Botts, Baker & Lovett* and *Beall & Kemp,* for plaintiff in
error.—The Court of Civil Appeals erred in sustaining the judgment
below; because the pretended assignment upon which the interveners
recovered was for a claim for personal injuries, and was executed before
the filing of the suit, and it was not acknowledged in the manner re-
quired by law and filed with the papers in the suit and noted on the
trial docket; and said pretended assignment can not be sustained either
by virtue of the Act of 1895, p. 143 (Sayles' Stats., art, 3353a), nor
by the Act of 1889, p. 103 (Sayles' Stats., art. 4647). Stewart v. Hous-
ton & T. C. Railway Co., 62 Texas, 246; Jones v. Matthews, 75 Texas,
3; art. 3353a, Sayles' Stats., Acts 1895, p. 143; art. 4647, Sayles' Stats.,
Acts 1889, p. 103; Bonner v. Green, 6 Texas Civ. App., 96; Gulf, C. &
S. F. Railway Co. v. Wooten, 10 Texas Civ. App., 54; Texas & P. Rail-
way Co. v. Vaughn, 16 Texas Civ. App., 403; So. Pac. Co. v. Winton,
27 Texas Civ. App., 503; Railway Co. v. Joy, 173 U. S., 227; Ohio &
P. Coal Co. v. Smith, 53 Ohio St., 313.

The Court of Civil Appeals erred in not noticing and sustaining the
appellant's proposition D, as exhibited on page 10 of its brief, as fol-
lows: "An assignment of a cause of action or a part thereof, founded

on personal injury, by a client to his attorneys, for future services in the maintenance of litigation, and which deprives the client of control of the cause of action and of the right to compromise the same, is contrary to public policy, illegal and invalid." If this instrument in fact vested in the interveners a one-third interest in Ginther's cause of action, then it must have had the effect to prevent his controling or compromising in any way his claim, and our contention is that this would contravene public policy. Greenh. on Pub. Pol., 437, 438; Davis v. Webber, 49 S. W. Rep., 825; Railway Co. v. Ackley, 49 N. E. Rep., 222; Lewis Co. v. Lewis, 15 Ohio, 716; W. U. Telegraph Co. v. Semmes, 20 Atl. Rep., 126; Shirk v. Neible, 83 Am. St. Rep., 180, and notes and citations.

The Court of Civil Appeals erred in not sustaining the appellant's proposition C, as exhibited on page 10 of its brief, and which is as follows: "The pretended instrument of assignment under which interveners claim was not in fact an assignment of an interest in plaintiff's cause of action in any way affecting the defendant or depriving plaintiff of the right to compromise; it was simply a personal contract by which he employed interveners to bring his suit and by which he agreed to give and pay them one-third of whatever might be recovered in the suit or by way of compromise. It merely fixed the amount that plaintiff obligated himself to pay them for their services. Appellant's contention is that this instrument is not an assignment depriving the plaintiff of the right to compromise; that it by implication contemplates a compromise and his right to make it, and that the only effect of the instrument was to employ and authorize interveners to bring the suit for a specified amount, and to fix their compensation at one-third of whatever Ginther might recover by suit or might get in compromise, and that it in no way created a lien or claim against the cause of action that could effect or create any liability against the defendant railway company. Railway Co. v. Wooten, 10 Texas Civ. App., 54.

The Court of Civil Appeals erred in holding that the decisions in the cases of Railway Co. v. Miller, 21 Texas Civ. App., 609, and Railway Co. v. Andrews, 67 S. W. Rep., 923, are conclusive of this case and directly against the appellant's contention.

We lay down three propositions, which we think abundantly sustained by both reason and authority:

1.  That the alleged transfer to the interveners of part of plaintiff's cause of action is invalid, because it was made before plaintiff had commenced his suit.

2.  It is invalid, because if it has the effect which interveners ascribe to it, it would contravene public policy.

3.  Said instrument by its terms is not in fact an assignment, but a mere personal contract between attorney and client, stipulating for a contingent fee of one-third of whatever might be recovered by the suit or by compromise.

The plaintiff's cause of action, being for personal injury, was not

assignable at common law, and if assignable at all, must be so by virtue of the statutes. Clearly the statute of March 26, 1889, p. 103, under the cases of Railway Co. v. Wooten, 10 Texas Civ. App., 54; Bonner v. Green, 6 Texas Civ. App., 96, and Texas & P. Railway Co. v. Vaughn, 16 Texas Civ. App., 403, is inapplicable, both for the reason that the alleged assignment was made before suit was brought, and because the statute was not complied with in regard to acknowledgment, filing, etc.

If the interveners have any rights, or standing in court, it must be, and we understand them to so claim, because of the statute of May 4, 1895, p. 143. Now, our contention is that this statute is not a general statute of survival but relates only to those causes of action upon which suit has been brought, and as plaintiff had not brought suit at the time, that he made the alleged assignment, he was not authorized to make it, and his cause of action was not in that condition and had not attained the legal status which authorized its assignment. The statute provides: "That from and after the passage of this act, causes of action upon which suit has been, or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, etc., shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued, etc., but shall survive," etc. Now, the plain import of the language used is, not that all causes of action for personal injuries of the class mentioned shall survive, but only those upon which suit has been begun by the injured party himself; in other words, we contend that in this case if Ginther himself had never brought suit upon his cause of action, then in case of his death his cause of action would not have survived under the statute to his heirs or representatives. We contend, also, that inasmuch as this assignment was made before any suit brought, and inasmuch as had he never brought any suit the assignment would have been invalid, because he did execute the instrument before suit brought, there was nothing upon which the assignment could act and it passed nothing to the assignee. We believe that we have examined, and will here present, all of the decisions of the Texas courts bearing upon the two statutes above mentioned. Railway Co. v. Wooten, 10 Texas Civ. App., 54.

In this case the accident occurred, and the instrument claimed as an assignment to the attorneys was made in 1893. It was made before the suit was brought, and the court held that it was invalid for that reason, and also that said instrument, which was very much like the present one in terms, was in fact not an assignment "but merely an agreement for a contingent fee for what might be recovered by suit or otherwise." See the contract as quoted in this case and compare with the one made by Ginther to Patterson & Buckler.

*Patterson & Buckler,* for defendants in error.—The instrument showing upon its face that Patterson & Buckler were employed as attorneys

at law to institute the suit for Ginther, and the trial court having found and the record showing that they did so, and that the suit was being prosecuted by them at the time of the attempted compromise, and at the time of the attempted compromise the railroad company was informed of and had notice of the instrument of assignment which the plaintiff below had executed to his attorneys, Patterson & Buckler, and that the attempted compromise was made without the consent of Patterson & Buckler, and the evidence showing that the railroad company were notified at the time of the attempted compromise that Paul Ginther had assigned a one-third interest in his claim to Patterson & Buckler, and at the time of the attempted compromise the railroad company recognized its obligation to Patterson & Buckler, and the evidence further showing that Paul Ginther was insolvent, and the instrument executed by Paul Ginther declaring upon its face that he thereby assigned to Patterson & Buckler one-third of whatever might be recovered in said suit or by way of compromise, the trial court did not err in finding in its conclusion of law, that under the evidence the instrument of date March 26, 1900, operated as an assignment to the interveners, and that the defendant railroad company was liable to the interveners for one-third of the amount of the compromise, to wit, one-third of $2500, the evidence showing that Paul Ginther, the original plaintiff, was entitled to recover, when the instrument was executed, $2500.

The instrument executed by Ginther recites, first, that he had a cause of action against the railroad company, and states that he had employed Patterson & Buckler to bring suit upon it; and declares, second, that he assigned to them one-third of whatever "may be recovered in said suit." This gave Patterson & Buckler a distinct, express and irrevocable interest in the suit after it was commenced, and under the agreement their right to prosecute it for their own benefit could not have been destroyed by Ginther and could not have been ignored by the railroad company. That this right was recognized by the railroad company is seen from the agreement of the claim agent at the time the attempted compromise was made, and from the fact that there was never any effort made to dismiss the suit after the agreement with Ginther, excepting when the suit was tried, upon the ground that the agreement was not valid for the reason that it was not acknowledged and filed among the papers, etc., after the suit was brought.

Counsel cited and discussed, in support of their propositions, Railway Co. v. Vaughan, 16 Texas Civ. App., 403; Railway Co. v. Andrews, 67 S. W. Rep., 923; Phillips v. Hogue, 88 N. W. Rep., 180; 3 Am. and Eng. Enc. of Law, 2 ed., 409, 357; Hill v. Cunningham, 25 Texas, 25; Potter v. Mining Co., 61 Pac. Rep., 999; Weeks v. Circuit Judges, 73 Mich., 256; Toy v. Haskell, 61 Pac. Rep., 89; Hoffman v. Vallejo, 45 Cal., 564; Canty v. Latterner, 31 Minn., 239; Holmes v. Evans, 129 N. Y., 140; Patten v. Wilson, 34 Pa. St., 299; Bank v. Convery, 8 Texas Civ. App., 181.

WILLIAMS, Associate Justice.—Ginther, intending to sue plaintiff in error for damages for personal injuries, employed Patterson & Buckler as his attorneys, and executed to them the following instrument: "El Paso, Texas, March 26, 1900.—I have employed Patterson & Buckler to sue the Galveston, Harrisburg & San Antonio Railway Company for $20,000, as damages for injuries sustained by me in consequence of its negligence on February 22, 1900, in the yards at El Paso, Texas, on repair track No. 3. I agree to give, and hereby assign to them one-third of whatever may be recovered in said suit, or by way of compromise. (Signed) Paul Ginther."

The attorneys filed the suit April 6, 1900, and were prosecuting it, when Ginther compromised with plaintiff in error, who, with notice of the rights of the attorneys under the above instrument, paid him $2500 in full settlement. Patterson & Buckler intervened in the suit, alleging Ginther's insolvency and the other facts, and sought and obtained judgment against plaintiff in error for one-third of the amount paid to Ginther. This judgment having been affirmed by the Court of Civil Appeals, this writ of error was sued out. The propositions upon which a reversal is asked are:

1. That the alleged assignment was not good, because (a) suit not having been filed when it was made, the cause of action was not one which would have survived the death of the assignor, under the Act of 1895 (Sayles' Stats., art. 3353a), and which was not therefore assignable under that statute; and (b) such assignment was not in accordance with the Act of 1889 (Sayles' Stats., art. 4647), in that it was made before the suit was begun and was not filed and noted on the docket as required by that act.

2. That the contract was contrary to public policy and void, in that it attempted to take away the right of the person injured to compromise his claim.

3. That the instrument was not an assignment, but a mere agreement for payment of a contingent fee.

In the case of Gulf, Colorado & Santa Fe Railway Company v. Moore, 68 S. W. Rep., 559, the action was brought by the heirs of the person injured who had died without having sued. The point was made by the defendant and overruled by the Court of Civil Appeals, that the cause of action abated upon the death of the plaintiff's ancestor. This ruling was assigned in an application to this court for writ of error, which was refused. In Railway Co. v. Andrews, 67 S. W. Rep., 923, the question as to the validity of an assignment made before institution of suit was considered and decided in favor of its validity by the Court of Civil Appeals, and, upon application for a writ of error to this court, the same conclusion, after much consideration, was arrived at. These decisions are against the first proposition of plaintiff in error.

As to the second, it may be said that there is very high authority for the doctrine that contracts between attorneys and clients which undertake to deprive the latter of power to end the litigation by settlements

or compromises, are contrary to public policy and therefore invalid. But the contract in this case contains no stipulations which make it obnoxious to this objection. It simply entitles the attorneys to a part of any sum realized by judgment or compromise, and this is the only right asserted by them. The instrument can not therefore be held void on this ground.

The third contention is the one on which the writ of error was granted. The instrument does not in terms attempt to assign a present interest in the cause of action, but agrees to give and assigns one-third of "whatever may be recovered" in the suit or by way of compromise. Mature consideration and examination of authorities has convinced us that the instrument operated as an assignment of an interest in the fund when recovered. This was held by the Court of Civil Appeals in Texas & Pacific Railway Co. v. Vaughan, 40 S. W. Rep., 1065, 16 Texas Civ. App., 403, upon an instrument in which the language was in effect the same as that before us. The application for writ of error which was refused by this court specifically raised the point. The conclusion is supported by abundant authority. Williams v. Ingersoll, 89 N. Y., 508; Fairbanks v. Sargent, 104 N. Y., 108; Patten v. Wilson, 34 Pa. St., 299. The instrument plainly expressed the intention to assign an interest in a cause of action of which a judgment or compromise was to be the measure, and the expression of this intention, in any language, was all that was required to make an assignment as contradistinguished from a mere agreement to pay so much as a contingent fee. Christmas v. Russell, 14 Wall., 84. While the contract may have left the plaintiff free to compromise, it gave the assignees an interest in the claim which they had the right to have paid in the settlement. This right, when the defendant knew of its existence, could not be defeated by payment to the plaintiff. The position of defendant was that of any other person paying a debt to the original creditor instead of an assignee whose rights were known. Railway v. Vaughan, supra; Williams v. Ingersoll, supra.

*Affirmed.*