TEXAS & P. RY. CO. v. SANCHES.
(No. 1275.)

(Court of Civil Appeals of Texas. Texarkana. June 11, 1914.)

ASSIGNMENTS (§ 92*) — RIGHTS OF ACTION — RIGHTS OF ASSIGNEE.

An assignment of an undivided half interest in a cause of action involved in a suit by the assignor against a third person does not pass anything to the assignee, where the assignor has no cause of action, and the third person making a settlement with the assignor pending the action does not thereby become liable to the assignee.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 158; Dec. Dig. § 92.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Juan Sanches against the Texas & Pacific Railway Company, in which W. C. Lane intervened. From a judgment dismissing the action of plaintiff against defendant, and in favor of the intervener against defendant, the latter appeals. Affirmed in part and reversed and rendered in part.

In his petition filed June 15, 1912, Sanches alleged that he was in appellant's service as a section hand, and that while riding on one of its trains was wrongfully thrown therefrom by the conductor in charge thereof, whereby his arm was so broken as to necessitate its amputation. In its answer appellant, after denying generally the truth of the allegations made by Sanches, averred that he "attempted to board a moving train without any right, said train being a freight train, and not being provided for passengers, and at a time when the train was going at a rate of speed that was dangerous to board it, and he assumed the risk of being injured in making the attempt he did, and he was guilty of negligence in making the attempt at that time."

While the suit was pending, to wit, on July 6, 1912, Sanches executed and delivered to appellant a release in writing as follows, omitting formal parts thereof:

"Whereas, on May 12th, 1912, at Ector, Texas, I, Juan Sanches, received personal injuries which resulted in the loss of my arm between the elbow and shoulder, said injuries being caused by falling or being thrown from train Second 92, a freight train on the Texas & Pacific Railway; and whereas, I have made claim against the Texas & Pacific Railway Company for damages on account of said personal injuries including the loss of my arm and any and all other injuries that may have been sustained by me at said time; and whereas, the said Texas & Pacific Railway Company denies its liability for said injuries, but is willing for the sake of saving the expense of litigation and to forever settle and dispose of my said claim, to pay the sum of two hundred and twenty-five ($225.00) dollars in full settlement and satisfaction: Now, therefore, know all men by these presents that I, Juan Sanches, in consideration of the payment to me by the Texas & Pacific Railway Company of the said sum of two hundred and twenty-five ($225.00) dollars the

receipt of which is hereby acknowledged, do hereby release and discharge the Texas & Pacific Railway Company from any and all claim, demands or causes of action accruing to me by reason of said accident and said personal injuries. The said two hundred and twenty-five ($225.00) dollars is accepted by me in full and complete settlement and I hereby acknowledge that no promises or representations as to employment or as to any other consideration have been made to me to induce me to make this settlement. I further authorize the Texas & Pacific Railway Company to dismiss a certain suit filed in my name in the district court of Harrison county, to recover damages on account of said injuries, said suit being numbered on the docket of said court. Said suit was brought without my knowledge and authority, and I disclaim any connection therewith, but this is to confer upon the Texas & Pacific Railway Company any and all authority that it may need from me to secure a dismissal of said suit."

By a petition filed September 4, 1912, W. C. Lane intervened in the suit, alleging that after it was instituted, to wit, on June 15, 1912, Sanches, by an instrument in writing, transferred to him an undivided one-half interest in the cause of action, "and that afterwards" quoting from the intervener's petition, "on or about, to wit, the 30th day of June, 1912, the said defendant, the said Texas & Pacific Railway, settled said suit with the said plaintiff without the knowledge and consent of this intervener and paid to the said plaintiff (Sanches) the sum of $500, with full knowledge and notice of the facts hereinbefore set up and of the rights of this intervener. So this intervener says that the said defendant is indebted to him in the sum of $250, the same being one-half of the amount paid plaintiff in settlement of said suit."

Appellant in an answer to the petition of the intervener alleged that Sanches was a Mexican, did not understand the English language, in which the contract set up by intervener was written, therefore did not understand, and was not bound by, the contract, and then alleged that intervener "has no cause of action, because the plaintiff, Juan Sanches, has no cause of action against the defendant, and the amount of money paid to him by the defendant was a mere gratuity, and not by any legal obligation to pay him the same; that Juan Sanches was guilty of negligence in attempting to board a fast-moving freight train without any authority to do so, and in trying to board said train he fell and received the injury for which he originally brought suit."

The trial resulted in a judgment dismissing the suit of Sanches against appellant, and in intervener's favor against appellant for $125.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). The assignment from Sanches to the intervener was of "an undivided one-half interest in and to the cause of action involved in said suit of said Juan Sanches against defendant." The intervener not only did not prove that Sanches had a cause of action against appellant, but the latter proved he did not have one against it, in that it was not guilty of any wrong toward him, and that the injury he suffered was due solely to his reckless act in attempting to board one of its moving freight trains. Appellant insists that the recovery had by the intervener against it therefore was unauthorized. We think the contention should be sustained. The case is not like Ry. Co. v. Ginther, 96 Tex. 295, 72 S. W. 166, cited by intervener. There the plaintiff in the suit conveyed to his attorneys "one-third of whatever may be recovered in said suit or by way of compromise." The plaintiff having compromised his suit for a sum agreed upon between him and the defendant, and the latter, knowing the plaintiff had made the assignment to his attorneys as stated, having paid to plaintiff the entire sum agreed upon in the compromise, the court held it was liable to the attorneys for the part thereof the plaintiff had conveyed to them, on the ground that its position in the matter "was that of any other person paying a debt to the original creditor instead of an assignee." Nor is the case like the other one (Railway Co. v. Vaughan, 16 Tex. Civ. App. 403, 40 S. W. 1065) cited by the intervener. There the plaintiff had conveyed to Vaughan "one-half of whatever sum may be realized out of and collected from said railway company, whether through compromise or by judgment of the courts." The court said:

"Vaughan being the owner of one-half the cause of action, he was not bound by any settlement made by Waters (the plaintiff) with the company, and had the right to prosecute the suit for his own benefit to the extent of his interest."

He did so prosecute it, and proved that the plaintiff had a cause of action against the defendant worth $750. The difference between that case and this one lies in the fact, as stated above, that in this one it did not appear that Sanches had a cause of action at all against appellant, but, on the contrary, it appeared that he did not have a cause of action against it. The assignment to intervener being of an interest in a thing that did not exist, it is obvious he acquired nothing thereby.

So far as the judgment was in appellant's favor against Sanches it will be affirmed. So far as it was in intervener's favor against appellant it will be reversed, and judgment will be here rendered that he take nothing by his suit against appellant.